ABCOR, INC., Plaintiff,

v.

Edgar H. KENT, et al., Defendants.

Civ. A. No. 81–1236–MC.

United States District Court,
D. Massachusetts.

March 26, 1982.

Jack R. Pirozzolo, Willcox, Pirozzolo & McCarthy, Boston, Mass., for plaintiff.

Richard W. Renehan, Hill & Barlow, Boston, Mass., for defendants.

## MEMORANDUM AND ORDER

McNAUGHT, District Judge.

This action came on to be heard on the plaintiff's motion seeking remand to the state court. The action, which alleges professional misconduct by the defendant attorneys, partners in the law firm of Fish & Richardson, was originally filed in Suffolk Superior Court and was removed to this court by the defendants.

The claims asserted by the plaintiff arise out of the representation by the defendants of Amicon Corporation in actions currently pending in this court (*Amicon Corp. v. Abcor, Inc.*, C.A. No. 80–1281–N and *Abcor, Inc. v. Romicon, Inc., et al.*, C.A. No. 80–1628–N). Plaintiff asserts that the defendants were for many years counsel to Abcor and that the subject matter of the defendants' prior representation of Abcor, Inc. is substantially related to the claims asserted in the two actions pending before Judge Nelson.

After Abcor filed a Motion for Disqualification of the defendants (which motion the defendants initially opposed), the defend-ants withdrew as counsel for Amicon. According to the defendants, in granting them leave to withdraw, Judge Nelson denied Abcor's requests for costs and attorney's fees.

Abcor seeks remand contending that its action, which alleges breaches of fiduciary obligations, violations of rules of conduct promulgated by the Supreme Judicial Court of Massachusetts, malpractice, negligence, breach of contract, and violations of M.G.L. c. 93A, arises under Massachusetts law and that there is no basis for jurisdiction in this court.

■ I agree. I do not view this action, as it is characterized by the defendants, to be an attempt to evade the rightful jurisdiction of this court. The mere fact that the plaintiff may be seeking in part relief which was denied by Judge Nelson does not give this court jurisdiction. If the denial by Judge Nelson of Abcor's requests for costs and attorney's fees collaterally estops Abcor from asserting such claims in this action, the defendants may raise that as a defense in the state action.

■ Although 28 U.S.C. §§ 1654 and 2071 do provide this court with power to regulate the conduct of attorneys appearing before it, those sections do not give this court jurisdiction in this case. Historically, regulation of the conduct of attorneys has been left to the states. *See Leis v. Flynt,* 439 U.S. 438, 442, 99 S.Ct. 698, 700, 58 L.Ed.2d 717 (1979). Since the primary focus of the complaint is upon conduct governed by rules of the Massachusetts Supreme Judicial Court, the state court is the proper forum for the resolution of the issues raised by the complaint. If Fish & Richardson is guilty of professional misconduct, then the state court is the appropriate court to so determine.

Accordingly, plaintiff's motion for remand is allowed.